UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SPIROS VALENTIS.
               Plaintiff,

                                                  **REPORT AND RECOMMENDATION**
    - against -                        **08 CV 2741 (ARR)(LB)**

BROOKLYN SOCIETY FOR THE
PREVENTION OF CRUELTY TO CHILDREN
(BSPCC); BSPCC FOUNTAIN LTD.; ANN
BINDMAN; RICHARD ARKWRIGHT;
GEORGE SPANAKOS; LOWEL RUBIN; JAMES
HAMERSCHLAG; and MARY J. MITCHEL,

               Defendants.

------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff, Dr. Spiros Valentis, initiated this *pro se* action on July 9, 2008 claiming that defendants owe him pension benefits from 1986 to the present. On December 19, 2008, Dr. Isabel Pascale informed the Court that Dr. Valentis had died on December 11, 2008, and that she had been named as the executor of his estate. The Court informed Dr. Pascale that she could not pursue this action *pro se* on behalf of Dr. Valentis' estate and that "counsel must appear for [Dr.] Valentis' estate." The Court afforded Dr. Valentis' "successor or representative until November 25, 2009 to move to substitute under Fed. R. Civ. P. 25(a)(1)" and stated that "[i]f counsel does not move to substitute on behalf of decedent's successor or representative by November 25, 2009, it shall be recommended that this case should be dismissed." To date, counsel has not appeared on behalf of Dr. Valentis' estate, and no one has moved to substitute for Dr. Valentis. Accordingly, it is respectfully recommended that this action be dismissed.

## BACKGROUND

Plaintiff, Dr. Spiros Valentis, initiated this *pro se* action on July 9, 2008 alleging that defendants owe him pension benefits from 1986 to the present. Defendants filed their answer on August 26, 2008. After holding two pretrial conferences, the Court set March 31, 2009 as the deadline for the parties to complete all discovery.

On December 19, 2008, Dr. Isabel Pascale informed the Court that Dr. Valentis had died on December 11, 2008, and that she had been named as the executor in plaintiff's will.[1] Document 28. Dr. Pascale stated that she intends to pursue this action and that she had "sought the advice of an attorney and we will proceed." However, she asked that the case be held in abeyance. On December 31, 2008, the Court granted Dr. Pascale's request for a stay pursuant to Fed. R. Civ. P. 25, provided she obtain letters testamentary or maintain preliminary letters testamentary throughout the probate proceedings. Document 31.

The Court did not hear from Dr. Pascale for over eight months. Therefore, on August 24, 2009, the Court issued an Order stating,

> [a]ssuming that Dr. Pascale has been appointed the executor of Dr. Valentis' estate, she is nonetheless prohibited from proceeding *pro se* in this matter. Therefore, counsel must appear for Mr. Valentis' estate. Additionally, under Fed. R. Civ. P. 25(a), a party is required to move to substitute within 90 days after service of a statement noting death on the record. The Court hereby lifts the stay in this matter. The Court affords the decedent's successor or representative until November 25, 2009 to move to substitute under Fed. R. Civ. P. 25(a)(1). If counsel does not move to substitute on behalf of decedent's successor or representative by November 25, 2009, it shall be recommended that this case should be dismissed.

Document 33 (internal citations omitted).

## DISCUSSION

Under 28 U.S.C. § 1654, the right to proceed *pro se* in civil actions is guaranteed. 28 U.S.C. § 1654 states that "[i]n all courts of the United States the parties may plead and conduct

---

[1] Dr. Pascale attached a copy of Dr. Valentis' death certificate to her letter. Document 28.

their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654; see also Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990) ("[a] litigant in federal court has a right to act as his or her own counsel."). However, the right to appear *pro se* is qualified. "[A] person ordinarily may not appear pro se in the cause of another person or entity." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (stating that an "administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant"). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." Iannoccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).

Here, Dr. Pascale stated that she had "sought the advice of an attorney and we will proceed." However, a year has passed since plaintiff's death and no attorney has appeared in this case on behalf of Dr. Valentis' estate. Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Thus, if a motion for substitution is not made within the 90 day period following the Suggestion of Death on the record, the action must be dismissed against the decedent. See Harp v. City of New York, No. 01 Civ. 6604, 2008 WL 2971702, at *2 (S.D.N.Y. July 31, 2008).

Here, more than 90 days has elapsed since the suggestion of plaintiff's death on the record. The Court noted that under Fed. R. Civ. P. 25(a)(1), a motion for substitution must be made by November 25, 2009, and warned that "[i]f counsel does not move to substitute on behalf of decedent's successor or representative by November 25, 2009, it shall be recommended that this case should be dismissed." To date, no motion to substitute has been filed. Therefore, it is respectfully recommended that this action be dismissed.

## CONCLUSION

As counsel has not appeared on behalf of Dr. Valentis' estate, and no motion to substitute has been filed, it is respectfully recommended that this action be dismissed.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: December 14, 2009
Brooklyn, New York